**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

CARLOS ALEXANDER                    CIVIL ACTION NO. 26-0322
RAUDA CHOTO

VERSUS                              JUDGE S. MAURICE HICKS, JR.

SCOTT LADWIG, ET AL.                MAGISTRATE JUDGE LEBLANC

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 9) filed by Petitioner Carlos Alexander Rauda Choto ("Petitioner"). Petitioner seeks an order prohibiting Respondents from removing him during the pendency of this habeas proceeding. See id.

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally

show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner seeks a stay of removal while his Habeas petition remains pending. However, even if framed as seeking to preserve the status quo, a request for stay of removal is a challenge to a removal order.  See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Thus, this Court is without jurisdiction to grant Petitioner's request for stay of removal.  See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

The Court has considered Petitioner's reliance on the preliminary injunction entered in Immigration Center for Women and Children v. Noem, No. 2:25-CV-09848-AB-AS, 2026 WL 1455004 (C.D. Cal. May 20, 2026). However, that matter remains pending in another district court and is presently in a preliminary posture. The Court is not persuaded that the existence of a non-final order entered in separate litigation

independently establishes Petitioner's entitlement to emergency injunctive relief in this proceeding.

Courts considering similar arguments have declined to grant relief on that basis. See, e.g., J.R.S.B. v. Olson, No. 3:26-CV-478-CCB-SJF, 2026 WL 1481267, at *4, n.5 (N.D. Ind. May 27, 2026) (observing that a petitioner remains free to seek relief as a purported class member in the California action, but that another court's non-final order is not subject to preclusive effect in a separate proceeding); Erasmo Zavala Akmanza and S.Z.H. v. Leonard Oddo, et al., No. 3:26-CV-720, 2026 WL 1506283, at *6, n.5 (W.D. Pa. May 29, 2026) (noting that the preliminary injunction issued in the California class action is not binding); Emmanuel Sanchez Osorio v. Blanche, No. 2:26-CV-00588, 2026 WL 1481555, at *1, n.5 (D. Nev. May 27, 2026) (declining to address the impact of the California litigation without further briefing). Accordingly, this Court declines to grant emergency injunctive relief based upon a non-final order issued in another district court.

However, the Court notes Petitioner's allegations regarding ongoing medical issues and alleged lack of treatment while detained. Without expressing any opinion on the merits of those allegations, the Court finds that a status report regarding Petitioner's current medical condition and treatment is appropriate.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 9) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall file a status report within fourteen (14) days of the issuance of this Memorandum Order addressing Petitioner's

current medical condition, any medical evaluation or treatment provided to Petitioner, and Petitioner's current access to medical care while detained.

**IT IS FURTHER ORDERED** that Respondents shall immediately advise the Court if Petitioner is removed by filing a notice into the record. If the Petitioner is removed, the notice shall contain the date and destination of such removal.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of June, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE